FILED & JUDGMENT ENTERED
Steven T. Salata

November 3 2020

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 18-50508 |
| | ) | |
| PETER LAWRENCE ZAGAROLI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| RICHARD M. MITCHELL, Trustee for the Bankruptcy Estate of Peter Lawrence Zagaroli, | ) ) ) | Adversary Proceeding No. 20-05000 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DAVID ZAGAROLI and NANCY ZAGAROLI, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT**

**THIS MATTER** is before the court on the Defendants' April 22, 2020 Motion to Dismiss Amended Complaint ("Motion"). The court held a hearing on the Motion on July 10, 2020. John W. Taylor, attorney, appeared on behalf of the Plaintiff; Darren A. McDonough, attorney, appeared on behalf of the Defendants. For the reasons set forth below, the Motion is denied.

**Background**

1. On May 21, 2018, the Debtor, Peter Lawrence Zagaroli ("the Debtor"), filed a

voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of North Carolina. By order entered July 18, 2018, the United States Bankruptcy Court for the Middle District of North Carolina transferred the bankruptcy case to this district.

2. On November 8, 2018, the Department of the Treasury – Internal Revenue Service (the "IRS") filed a proof of claim in the Debtor's bankruptcy case in the unsecured amount of $4,261.27.

3. On December 4, 2018, the IRS amended the amount of its claim to the amount of $4,161.27.

4. On January 20, 2020, the Plaintiff, Chapter 7 Trustee Richard M. Mitchell, filed this Adversary Proceeding asserting that 11 U.S.C. § 544(b) allows him to avoid certain transfers of real property to the Defendants, David Zagaroli and Nancy Zagaroli, who are the parents of the Debtor.

5. The Trustee alleges that on December 16, 2010, and again on June 1, 2011, the Debtor transferred multiple parcels of real property to the Defendants for no consideration while he was insolvent.

6. On February 7, 2020, the Defendants filed a Motion to Dismiss asserting that the Trustee may not avoid the transfers of real property. On March 6, 2020, the court held a hearing on the Defendants' Motion to Dismiss at which it granted the Defendants' Motion to Dismiss without prejudice and granted the Trustee leave to amend his complaint. The court entered its written order on March 10, 2020.

7. On April 9, 2020, the Trustee filed his Amended Complaint seeking to set aside the above transfers of real property to the Defendants.

8. On April 22, 2020, the Defendants filed the Motion. The Defendants filed their

memorandum of law in support thereof on May 14, 2020.

9. On July 6, 2020, the Trustee filed his Plaintiff's Memorandum of Law in Opposition to the Defendants' Motion to Dismiss Amended Complaint.

10. On July 10, 2020, the court held a hearing on the Motion.

## Analysis

11. The court must determine whether 11 U.S.C. § 544(b) allows the Trustee to step into the shoes of the IRS and utilize the North Carolina Uniform Voidable Transactions Act ("NCUVTA") to avoid the prepetition transfers of real property to the Defendants, which Debtor allegedly made to the Defendants for no consideration while Debtor was insolvent. The Trustee "may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." § 544(b)(1). The NCUVTA has a statute of limitations of four years, but 26 U.S.C. § 6502 of the Internal Revenue Code ("IRC") provides an extended look back period of ten years to avoid transfers, and the IRS is exempt from the NCUVTA's statute of limitations. Since the transfers at issue were more than four years prior to the filing of the bankruptcy case, the court must further determine if the Trustee can utilize the extended look back period of ten years under the IRC.

12. The Defendants contend that § 544(b)(1) does not grant a trustee the power to bring avoidance actions that are grounded in tax evasion claims that are only available to the United States outside of the bankruptcy arena and that a trustee should not be able to take advantage of the immunity of the United States from state statutes of limitation. The Defendants further contend that the Plaintiff did not receive required authorization to bring the action under section 7401 of the

Internal Revenue Code and that the Plaintiff's claims violate the Tax Anti-Injunction Act and the separation of powers provisions of the Constitution.

13.     The Plaintiff relies on the decisions in Vieira v. Gaither (In re Gaither), 595 B.R. 201 (Bankr. D.S.C. 2018) and Hillen v. City of Many Trees, LLC (In re CVAH, Inc.), 570 B.R. 816 (Bankr. D. Idaho 2017).  These decisions represent the majority view of courts that have addressed the issue and hold that the plain language of § 544(b)(1) permits the Trustee to step into the shoes of the IRS.

14.     The Defendants acknowledge that the majority view favors the Plaintiff, however, the Defendants contend that only looking at a statute's language is insufficient.  In support of their position, the Defendants point to a recent decision of the United States Court of Appeals for the Fourth Circuit that explains:

> "[T]he Supreme Court has often emphasized the crucial role of context as a tool of statutory construction. For example, the Court has stated that when construing a statute, courts must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." As a result, "the traditional rules of statutory construction to be used in ascertaining congressional intent include: the overall statutory scheme, legislative history, the history of evolving congressional regulation in the area, and a consideration of other relevant statutes."

Kumar v. Republic of Sudan, 880 F.3d 144, 154 (4th Cir. 2018) (quoting Brown & Williamson Tobacco Corp. v. FDA, 153 F.3d 155, 162 (4th Cir. 1998)).  The Defendants argue that the court must avoid focusing solely on the language of § 544(b) to the exclusion of other provisions of the Bankruptcy Code, other statutes, and the Constitution and that the court should not disregard the Supreme Court's admonition to avoid interpretations that lead to absurd results or conflict with other statutory provisions.  The Defendants then further rely on a motion to dismiss filed by the United States in Cook v. Roberts (In re Yahweh Center, Inc.), Ch. 11 Case No. 16-04306-5,

Adv. No. 18-00082-5 (Bankr. E.D.N.C. Sept. 24, 2018), ECF No. 69.  In its motion, the United States argues that a trustee is required to obtain authorization to bring an action under section 7401 of the IRC.

15.    The court finds the Defendants' arguments unpersuasive.  "When the language of the statute is not open to interpretation, this court's task is simple: apply the plain language."  In re Usery, No. 15-30017, slip op. at 5 (Bankr. W.D.N.C. Oct. 5, 2020).  Likewise, in holding that the trustee may step into the shoes of the IRS and utilize the collection powers available to the IRS, the Gaither court explained that "the determination of the issue is essentially a task of statutory construction.  The Supreme Court of the United States has held that '[t]he task of resolving [a] dispute over the meaning of [a statute] begins where all such inquiries must begin: with the language of the statute itself.' "  595 B.R. at 209 (quoting United States v. Ron Pair Enters, Inc., 489 U.S. 235, 241 (1989)) (alterations in original).

16.    Moreover, the Defendants' position would result in leaving both the Trustee and the IRS without the right to avoid offending transfers.  As the CVAH court explained:

> If Trustee were not allowed to exercise IRS's rights, a curious, and potentially inappropriate, result would obtain.  Because of a debtor's bankruptcy filing, individual creditors, like IRS, are prevented by the Code from exercising its [sic] right to pursue transferees of avoidable transfers; only the bankruptcy trustee can pursue avoidance actions.  However, IRS benefits from the operation of the bankruptcy laws because its statutory representative, the trustee, can pursue recovery of the transfers standing in its shoes, unconstrained by state-law extinguishment statutes. While the defendants argue against this model, under their approach, IRS would be deprived of its statutory right to recover the transfers the defendants received, and the trustee would be unable to do so, to the extent the avoidance action came too late under state law.

570 B.R. at 835–36 (citations omitted).

5

17.     The court agrees with the reasoning of the Gaither and CVAH courts.  Both courts express the majority view that under the plain language of § 544(b)(1), the Trustee is permitted to step into the shoes of the IRS and invoke the applicable law that the IRS could use outside of bankruptcy to avoid the targeted transfers to the Defendants.

18.     As to whether the Trustee can utilize the extended look back period under the IRC, the Gaither Court explained:

> In In re CVAH, the Bankruptcy Court for the District of Idaho held that the FDCPA constitutes "applicable law" and that "applicable law, as used in § 544(b)(1), should be construed to be a broad term, as the code contains no language limiting its meaning."  In re CVAH, 570 B.R. at 825 (internal quotation marks omitted).  In that case, the trustee sought to "step into the shoes of the creditor IRS" and utilize the longer look back periods in the FDCPA under 28 U.S.C. § 3306 and the IRS under 26 U.S.C. § 6502 to avoid any transfers the debtor made within six years prior to filing its bankruptcy petition.  Id. at 822.  The defendants in that case argued that the trustee could not invoke the extended look-back periods of either the FDCPA or the Tax Code to avoid transfers under § 544(b)(1).  Id.  The court disagreed, stating that, "under the plain language of § 544(b)(1)," a trustee is permitted to "step into the shoes of the IRS and, accordingly, may invoke any 'applicable law' that [the] IRS could use outside of bankruptcy to avoid the targeted transfers to the defendants."  Id. at 825.  Moreover, the court held that, "but for the [defendant's] bankruptcy, IRS could have utilized *both the FDCPA and the IRC* as a legal basis to avoid the . . . transfers."  Id.  (emphasis added).

595 B.R. at 213 (alterations in original).  Likewise, in the present case, the applicable law that the Trustee seeks to invoke is the NCUVTA and the IRC, both of which the IRS could have used to seek to avoid the transfers outside of bankruptcy.

**Conclusion**

For the reasons set forth above, as the IRS is an unsecured creditor in this case, the court concludes that the plain language of 11 U.S.C. § 544(b)(1) allows the Trustee to assert its rights

6

under the NCUVTA and the IRC.  As such, the court should deny the Defendants' Motion to Dismiss Amended Complaint.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Defendants' Motion to Dismiss Amended Complaint is **DENIED**.  The Defendants shall have 30 days from the entry of this order to file their Answer to the Plaintiff's Amended Complaint.

This Order has been signed electronically.                     United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.